UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV224-3-V
(3:9OCR85-7-P)

| | |
|---|---|
| GARY L. DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 4, 2007.

A review of the record reflects that on June 7, 1990, Petitioner and several co-defendants were charged in a multi-count Indictment alleging conspiracy to distribute cocaine base and numerous drug and weapon charges. The Honorable Robert D. Potter presided over the jury trial beginning on October 2, 1990. The jury found Petitioner guilty of conspiracy to possess with intent to distribute cocaine base and use of a firearm during and in relation to a drug trafficking crime and aiding and abetting. On November 26, 1990 Petitioner was sentenced to a total of 660 months imprisonment and five years of supervised release. Petitioner filed a notice of appeal on December 21, 1992 (See Fourth Circuit Case No. 93-6005). The Fourth Circuit Court of Appeals affirmed Petitioner's judgment and conviction on October 7, 2003 and issued its mandate on November 1, 1993. Petitioner did not file for a writ of certiorari in the Supreme Court.

On January 17, 2006, Petitioner filed his first Motion to Vacate (case no. 3:06cv25-V) which

1

was denied as untimely pursuant to the Antiterrorism and Effective Death Penalty Act (the AEDPA) (See 3:06cv25; Document No. 3.) Petitioner also filed a motion for reconsideration of the Court's Order dismissing his case as untimely (See Id.; Document No. 5.) By Order dated April 21, 2006 this Court denied Petitioner's Motion for Reconsideration as a successive petition explaining that a second or successive petition must be certified by the Fourth Circuit Court of Appeals (See Id; Document No. 7.)

Obviously undaunted by his lack of success, Petitioner filed the instant Motion to Vacate on June 4, 2007 in which he argues that his motion should be considered timely pursuant to 28 U.S.C. § 2255(4) because his "education is extremely limited and [he] had only discovered that he is 'actually innocent' of the essential elements of the (gun) crime charged in counts 16, 28 and 29 of the Indictment, when an inmate litigator - Shechum Lafayette - had diligently read the entire trial transcript - included (sic) Jury Instructions - and Indictment explaining the deficiencies relative to the (gun) sentence and conviction. (Motion to Vacate at 2.)

As stated in this Court previous Order, under the AEDPA, "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." 28 U.S.C. § 2255 (1997). Despite this Court's previous Order explaining that a second or successive petition must be certified by the Fourth Circuit Court of Appeals, Petitioner filed the instant motion without certifying such motion in the Court of Appeals. Therefore, the Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DISMISSED** without prejudice as successive.

**SO ORDERED.**

Signed: June 5, 2007

Richard L. Voorhees
United States District Judge