UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-365-MOC
(3:90-cr-85-MOC-7)

| | |
|---|---|
| GARY L. DAVIS, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

In 1990, pro se Petitioner was found guilty, after a jury trial, of conspiracy to possess with intent to distribute cocaine base and use of a firearm during and in relation to a drug-trafficking crime and aiding and abetting. See (Crim. Case No. 3:90-cr-85). This Court subsequently sentenced Petitioner to a total of 660 months in prison. See (Civ. No. 3:06-cv25 at 1). Petitioner appealed and on October 7, 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment and conviction. (Id. at 1-2).

On July 17, 2006, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255. (Civ. No. 3:06cv25, Doc. No. 1), which this Court denied and dismissed as untimely. (Id., Doc. No. 3). Petitioner filed a second motion to vacate on June 4, 2007, and on June 6, 2007,

1

this Court dismissed that motion to vacate as an unauthorized successive petition. Petitioner placed the instant motion to vacate in the prison system for mailing on June 22, 2018, and it was stamp-filed in this Court on July 6, 2018. Petitioner contends in the motion to vacate that this Court "erred by failing to render a sufficient jury instruction to support the element of an agreement to satisfy a conspiracy at 21 U.S.C. § 846," and he also contends that he is "actually innocent" of the 50 gram or more threshold quantity for which he was found responsible. (Doc. No. 12 at 4, 5).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, Petitioner filed the instant motion to vacate on July 6, 2018, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:90-cr-85-MOC-7. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate. Furthermore, Plaintiff has filed a second motion to vacate, which has already been denied as successive. Thus, this is the second successive petition filed by Petitioner. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not

shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 16, 2018

Max O. Cogburn Jr
United States District Judge